IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| CONRADO ARELLANO | § § § | |
| v. | § § | Case No. 6:25-cv-110-JDK |
| UNITED STATES OF AMERICA | § § § | |

**ORDER ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Movant Conrado Depaz Arellano, a federal inmate proceeding pro se, brings this motion to vacate, set aside, or correct his federal sentence pursuant to 28 U.S.C. § 2255. The motion was referred to United States Magistrate K. Nicole Mitchell for findings of fact, conclusions of law, and recommendations for disposition.

On April 7, 2025, Judge Mitchell issued a Report recommending that Movant's § 2255 proceeding be dismissed without prejudice for lack of jurisdiction. Docket No. 2. Judge Mitchell also recommended that a certificate of appealability be denied. *Id.* Movant timely objected. Docket No. 3.

Where a party objects within fourteen days of service of the Report, the Court reviews the objected-to findings and conclusions of the Magistrate Judge de novo. 28 U.S.C. § 636(b)(1). In conducting a de novo review, the Court examines the entire record and makes an independent assessment under the law. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*), *superseded on other grounds by statute*, 28 U.S.C. § 636(b)(1) (extending the time to file objections from ten to fourteen days).

1

In his objections, Movant argues that the Court mischaracterized his pleading as a § 2255 motion. Docket No. 3. Movant also reiterates his argument from his petition that the Court had no jurisdiction over his criminal case, his charging indictment is defective, and the facts fail to meet the "unlawful" element. However, his objections are meritless and do not change that this Court lacks subject matter jurisdiction to consider a second or successive petition unless the Fifth Circuit granted the movant permission. *Crone v. Cockrell*, 324 F.3d 833, 836–37 (5th Cir. 2003) (finding that a district court lacked subject matter jurisdiction over a § 2255 motion when the movant did not receive authorization for a succussive application from the Fifth Circuit); *U.S. v. Sorrell*, 354 F. App'x 44 (5th Cir. 2009) (same).

Instead, the objections demonstrate that he is attempting to circumvent the successive rule. Though Movant insists that his filing cannot be properly characterized as a § 2255 filing, the Court notes that the label or name attached to a prisoner's pro se pleading is not controlling; rather, the Court must examine the content of the pleading—including the relief requested. *See Rosin v. Barnett*, 396 F. App'x 61, 62 (5th Cir. 2010); *United States v. Ford*, 682 F. App'x 295, 296 (5th Cir. 2017); *see also Fid. & Deposit Co. of Maryland v. Smith*, 730 F.2d 1026, 1034 n.9 (5th Cir. 1994) (explaining that in examining pleadings to determine which cause of action is pleaded, courts focus on the nature of the relief requested). The essence of his argument is that his charging indictment was defective—this is challenging his underlying conviction, thus § 2255 analysis is appropriate. *See Davis v. United States*, 417 U.S. 333, 343–44 (1974) (explaining that a motion to vacate sentence pursuant to 28

U.S.C. § 2255 is the exclusive means to challenge collaterally a federal conviction or sentence); *see also Ford*, 692 F. App'x at 296 ("Section 2255 is the primary mechanism for collaterally attacking a federal sentence."). In fact, Movant specifically asks that this Court "vacate" his conviction and sentences (Docket No. 1 at 8)—rendering his argument that he is not challenging his convictions disingenuous at best. By arguing that his indictment is defective and requesting that the Court vacate his conviction, Movant is necessarily raising a collateral challenge to his convictions—and the Magistrate Judge properly construed Movant's pleading as a second § 2555 motion.

To the extent that Movant invokes the "savings clause" to argue that a § 2255 motion is "inadequate or ineffective," such claim likewise fails. The Fifth Circuit has held that "the savings clause of § 2255 applies to a claim (i) that is based on a retroactively applicable Supreme Court decision which established that the Movant may have been convicted of a nonexistent offense and (ii) that was foreclosed by circuit law at the time when the claim should have been raised in the Movant's trial, appeal, or first § 2255 motion." *Reyes-Requena v. United States*, 243 F.3d 893, 904 (5th Cir. 2001); *see also Carmona v. Warden, Fed. Corr. Inst. Beaumont Medium*, 2023 WL 4399237, *1 (5th Cir. July 7, 2023). Movant does not meet this test—he simply complains of a defective indictment. Moreover, simply because Movant filed a previously unsuccessful § 2255 motion—or that he may not be able to meet the standards for a "second or successive" motion under the statute—does not show that the remedy under § 2255 was inadequate or ineffective. *Tolliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Having conducted a de novo review of the Report and the record in this case, the Court has determined that the Report of the United States Magistrate Judge is correct, and Movant's objections are without merit. The Court therefore **OVERRULES** Movant's objections (Docket No. 3) and **ADOPTS** the Report and Recommendation of the Magistrate Judge (Docket No. 2) as the opinion of the Court. Movant's motion for relief under § 2255 is hereby **DISMISSED** without prejudice for lack of jurisdiction. Further, the Court **DENIES** a certificate of appealability.

So **ORDERED** and **SIGNED** this **27th** day of **May, 2025.**

_____
JEREMY D. KERNODLE
UNITED STATES DISTRICT JUDGE